IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID A. DEFOE,<br><br>                Petitioner,<br><br>v.<br><br>UTAH BD. OF PARDONS & PAROLE et al.,<br><br>                Respondents. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**<br><br>Case No. 2:18-CV-27-DN<br><br>District Judge David Nuffer |

Petitioner, David A. Defoe, seeks habeas-corpus relief under 28 U.S.C.S. § 2241 (2019).

## BACKGROUND

- January 20, 1978      Utah state court gives Petitioner consecutive sentences of five-years-to-life on murder conviction and one-to-fifteen years on forgery conviction. *Defoe v. Bd. of Pardons and Parole*, No. 20160471-CA, slip op., at 1 (Utah Ct. App. Oct. 11, 2016).

- January 29, 2008      Petitioner released on parole. (Doc. Nos. 4 & 6.)

- June 25, 2008      Petitioner returned to prison. (Doc. No. 4-3, at 12.) "Warrant Request & Parole Violation Report" filed, detailing allegations of violated parole conditions. (Doc. No. 4-1.)

- July 28, 2008      Utah Board of Pardons and Parole (BOP) revoked Petitioner's parole, stating, "Schedule for rehearing 7/2009 with a PSYCHOLOGICAL EVALUATION (including a recommendation as to his risk to the community) due prior to the hearing." (Doc. Nos. 4-1 & 6.)

- July 7, 2009      BOP rehearing on Petitioner's status. (Doc. No. 4-1.)

- July 20, 2009      BOP order that Petitioner "will serve his Natural Life in Prison." (*Id.*) BOP noted that "[t]his decision is subject to review and modification by [BOP] at any time until actual release from custody." (*Id.*)

- March 31, 2015      Petitioner "Request for Redetermination or Special Attention Request." (Doc. No. 4-3.)

- April 22, 2015          BOP order on "Special Attention Review," determining that Petitioner would "EXPIRE LIFE SENTENCE." (Doc. No. 4-3, at 7.)

- May 12, 2015            Responding to Petitioner's request for reconsideration, Hearing Officer L. Andy Taylor wrote on BOP letterhead, "The Board will not reconsider its previous decision at this time, nor at any time in the near future."

- October 27, 2015        Petitioner state application for post-conviction relief. (Doc. No. 4-6, at 2.) Grounds for relief listed: BOP (a) exceeded a cap of thirty years on sentence length under state statute; (b) violated Petitioner's due-process rights as outlined in state statute; and (c) did not apply a recently passed state statute to his sentence. (Doc. No. 4, at 9.)

- May 23, 2016            State application for post-conviction relief denied by state district court. (Doc. No. 4.) District court stated, "Petitioner makes no allegation that his due process rights were violated as to any of his parole hearings, or as to his parole revocation"; therefore, it did not review that issue. (Doc. No. 4-6, at 11.)

- October 11, 2016        Denial of state application for post-conviction relief affirmed by Utah Court of Appeals. (Doc. No. 4.) Court of Appeals stated, "Defoe does not assert that he was denied a parole revocation hearing or that he was not given proper notice regarding the proceedings. Instead, he appears to challenge only the outcome of being required to serve his original sentence." *Defoe*, No. 20160471, at 3.

- February 1, 2017        Denial of petition for certiorari in Utah Supreme Court. *Defoe v. Bd. of Pardons and Parole*, No. 20160948-SC, slip op. (Utah Feb. 1, 2017).

- March 4, 2018           Filing of this federal habeas petition. (Doc. No. 4.)

Petitioner asserts the following grounds for relief here: BOP violated his due-process rights by not (1) abiding by state statute allegedly limiting total consecutive time served on sentences to thirty years, *cf.* Utah Code Ann. § 76-3-401(6) (2019); (2) adhering to state statute and *Morrissey v Brewer*, 408 U.S. 471 (1972), in basing its decision on "predetermined conclusions and failing to base their decision to revoke on a factual inquiry into whether

2

[Petitioner] actually violated the terms of [his] parole"; (3) applying to him House Bill "348, enacted under 61st Leg. 2015 Gen. Sess. . . . enactment date . . .5/12/15." (Doc. No. 4, at 12-13).[1]

Respondents move for dismissal. (Doc. No. 6.)

## ANALYSIS

Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019). 2241 petitions "are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citations omitted).

### A. Challenges Not Involving Federal Law

Petitioner asserts BOP breached Utah statutes in determining that he shall serve out his life sentence. However, he reframes his arguments in his federal habeas petition as violations of federal due process--in other words, BOP violated his federal due process when it breached Utah statutes in determining that he shall serve out his life sentence.

However, "a habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label. Otherwise, 'every erroneous decision by a state court on state law would come [to the federal court] as a federal constitutional question.'" *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) (quoting *Gryer v. Burke*, 334 U.S. 728, 731

---

[1] Respondent appears to also possibly raise issues of unconstitutionality of his sentence and Utah's indeterminate sentencing scheme. These are § 2254 issues that appear to be second or successive, *Defoe v. Utah*, No. 2:97-CV-310-DB (D. Utah. June 11, 1997) (dismissal of Petitioner's past habeas petition); past the period of limitation, 28 U.S.C.S. § 2244(d) (2019); or procedurally barred, *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000). Also, Utah's indeterminate sentencing scheme has been ruled to be constitutional. *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009).

3

(1948)); *see also Griffin v. Scnurr*, 640 F. App'x 710, 717 (10th Cir. 2016) ("Although Mr. Griffin has attempted to repackage his jury instruction arguments into a due process claim on federal habeas review, we are unable to find any suggestion of the due process component of this claims in his direct appeal briefing before the [state court of appeals].").[2]

These alleged violations are based on state law and, therefore, fail to raise, as required, a federal issue. The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

The Supreme Court has repeatedly emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68 (citing 28 U.S.C.S § 2241 (2019)). Thus, Petitioner's claims--based on alleged violations of state statute--do not raise federal challenges; further federal habeas review of state-law-based claims is unwarranted. *See Larson v. Patterson*, 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831, *5-6, 2011 WL 129485 (D. Utah Jan. 14, 2011) ("Petitioner's first argument that the trial court should have . . . dismissed the charges against him is based entirely on state law. . . . Therefore, this Court will not further consider this

---

[2] It is true that the United States Supreme Court has suggested that, in rare circumstances, a determination of state law can be "'so arbitrary or capricious as to constitute an independent due process . . . violation.'" *Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). However, this is not the true kernel of Petitioner's argument, nor would it be at all persuasive if it were Petitioner's argument.

state-law-based argument."); *see also Scott v. Murphy*, 343 F. App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's . . . claim that "involve[d] purely matters of state law.").

A further word about Petitioner's arguments on the unfairness of BOP's decision that he must serve out his life sentence: Fatal to this § 2241 habeas claim, Petitioner does not say how any of these bald allegations show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2019).

Utah's indeterminate sentencing regime leaves BOP to decide within that term just how long Petitioner will serve. *See Baker v. Utah Bd. of Pardons and Parole*, No. 2:16-CV-756 DN, 2019 U.S. Dist. LEXIS 72931, at *5-6, 2019 WL 1896578 (D. Utah Apr. 29, 2019).

As an aside, Petitioner should keep in mind that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a federal constitutional right. *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). And, again, Utah's indeterminate sentencing scheme has been ruled to be constitutional. *Straley*, 582 F.3d at 1213.

This section disposes of all issues except for the issue of due process in parole revocation.

### B. Due Process in Parole Revocation

Petitioner says that he is attacking the lack of due process in his parole-revocation proceedings. But he really appears to be conflating parole-revocation proceedings with BOP's proceedings resulting in the decision that he should serve out his life sentence. (Doc. No. 6, at 9.)

These are two separate proceedings. As stated above, BOP's proceedings resulting in the decision that Petitioner should serve out his life sentence are not subject to challenge under the Federal Constitution.

### A. Procedural Default

It appears that Petitioner's allegation of lack of due process in parole revocation is unexhausted and procedurally defaulted. This is based on the state trial court's statement that "Petitioner makes no allegation that his due process rights were violated as to any of his parole hearings, or as to his parole revocation" (it therefore did not review that issue). (Doc. No. 4-6, at 11.) And it is based on the Utah Court of Appeals statement: "Defoe does not assert that he was denied a parole revocation hearing or that he was not given proper notice regarding the proceedings. Instead, he appears to challenge only the outcome of being required to serve his original sentence." *Defoe*, No. 20160471, at 3. Respondent hints at this: "Petitioner did not deny the allegations and so he did not have a full evidentiary hearing." (Doc. No. 6, at 9.)

To exhaust his remedies, Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief. *See Picard v. Connor*, 404 U.S. 270, 276 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2-3 (10th Cir. Nov. 9, 1998). Here, Petitioner did not substantively challenge the issue of due process in his parole-revocation issue to any court, let alone the highest Utah court available, the Utah Supreme Court. His claims before this Court are therefore unexhausted.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally

6

barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas,* 218 F.3d at 1221 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Utah's Post-Conviction Remedies Act states, "A person is not eligible for relief under this chapter upon any ground that . . . was raised or addressed at trial or on appeal [or] could have been but was not raised at trial or on appeal . . . ." Utah Code Ann. § 78B-9-106(1) (2019); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not. Accordingly, [petitioner] has defaulted his claim . . . ."). Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted). Petitioner has not raised exceptional circumstances to rescue him from his procedural default.

### B. Merits Consideration

Alternatively, the issue of due process in Petitioner's parole-revocation proceedings is further considered, to the limited degree allowed by Petitioner's failure to present a substantive argument, outside of his conflation of this issue with his attack on the length of his incarceration within his sentence term. Petitioner refers to the right case controlling this issue—*Morrissey*, 408 U.S. at 471, a case in which the Supreme Court outlined the minimum constitutional requirements for a parolee at a revocation hearing. However, he provides no analysis based on

*Morrissey*'s tenets. He further does not challenge Respondent's characterization of his parole-revocation arguments--i.e., that he "did not deny the allegations and so . . . did not have a full evidentiary hearing." (Doc. No. 6, at 9.) This would be enough to deny Petitioner's claim here.

Even so, "a parolee has a liberty interest in remaining on parole because life as a parolee 'is very different from that of confinement in a prison.'" *Young v. Harper*, 520 U.S. 143, 147-48 (1997) (quoting *Morrissey*, 408 U.S. at 482). *Morrissey* regards "what, if any, process was due to a parolee before his parole may be revoked. *See* 408 U.S. at 482 ("[A parolee's] liberty is valuable and must be seen as within the protection of the Fourteenth Amendment." Termination of parole "calls for some orderly process, however informal." *Id*.

*Morrissey* provides guidance on due-process minimum requirements in parole-revocation cases:

> They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

*Id*. at 489.

Out of all these requirements--at first glance--it appears Petitioner attacks only (vaguely) "the evidence relied on and reasons for revoking parole." *Id*. What he really is attacking is the

evidence relied on and reasons for determining that he will serve out his life sentence, instead of receiving parole again--an issue that is not validly before this federal court.

Recognizing that Petitioner has not properly supported his nonspecific argument that BOP's decision to revoke his parole violates *Morrissey*'s requirements, the Court--giving Petitioner benefit of the doubt--culls through the apparently incomplete record available on the docket to review the allegations before BOP when it made its parole-revocation decision:

> (1) assertion of Petitioner's failure "to cooperate with Transitional Services as directed in violation of a special condition of the Parole Agreement," supported by a probable-cause statement regarding officer's conversation with Petitioner's former employer as to Petitioner's employment termination for instances of threatened and physical aggression and Petitioner's failure to report his termination while pretending to go to work over five days;
> (2) assertion of Petitioner's failure "to seek or maintain full-time employment, . . . in violation of condition number eight of the Parole Agreement," supported by probable-cause statement detailing his troubled work history and halfhearted job searches;
> (3) summary of Petitioner's "problem areas," such as scoring "a 31.00 on his LSI putting him in the High category," which "was overridden to Intensive due to the nature of his crimes and length of incarceration"; and
> (4) assertion of the aggravating factor that "Mr. Defoe is a violent offender and resorted to physical violence during this parole." (Warrant Request & Parole Violation Report, Doc. No. 4-1 (June 25, 2007).)

A thorough review of the available record on the docket reveals no instance in which Petitioner challenged before BOP any of the allegations or probable-cause statements in the Parole Violation Report. This is supported by the state trial court's finding that "Petitioner makes no allegation that his due process rights were violated as to any of his parole hearings, or as to his parole revocation." (Doc. No. 4-6, at 11.) Further support is lent by Utah Court of Appeals's observation that "Defoe largely admitted the facts set out in [BOP's] motion and does not identify any issue of material fact." (*Id.* at 16.)

Accepting the unassailed findings and conclusions of the state courts, and therefore assuming BOP based its parole-revocation decision on unchallenged allegations, this Court is unpersuaded that Petitioner's due-process rights were breached in his parole-revocation process.

## CONCLUSION

The petition does not successfully argue that the execution of Petitioner's sentence violates the United States Constitution.

**IT IS THEREFORE ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**. (Doc. No. 6.)

(2) A certificate of appealability is **DENIED**.

(3) The Clerk of Court is directed to **CLOSE** this action.

DATED this 14th day of September, 2019.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court